UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| Epic Games, Inc., Plaintiff, v. Timothy Frederick Murphy-Johnson, Defendant. | ) | Civil Case No.: 5:14-cv-230 **DEFENDANT'S ANSWER AND COUNTERCLAIM AND RESPONSE TO PLAINTIFF'S APPLICATION FOR JUDICIAL RELIEF AND TO ENJOIN ARBITRATION** |

Defendant Timothy Frederick Murphy-Johnson, through his attorneys, respectfully submits this Answer, Counterclaim, and Response to Plaintiff/Movant Epic Games, Inc.'s ("Epic") Application for Judicial Relief and to Enjoin Arbitration.

**ANSWER AND RESPONSE**

1. All allegations not specifically admitted are denied.

2. Mr. Johnson admits the allegations in Application paragraph 1.

3. Mr. Johnson admits the allegations in Application paragraph 2.

4. Mr. Johnson admits his employment with Epic was terminated in 2006. Mr. Johnson denies the remaining allegations in Application paragraph 3.

5. Mr. Johnson admits the allegations in Application paragraph 4.

6. Mr. Johnson admits the allegations in Application paragraph 5.

7. Mr. Johnson admits the allegations in Application paragraph 6.

8. Mr. Johnson admits the allegations in Application paragraph 7.

9. As to paragraph 8, Mr. Johnson admits that he seeks to arbitrate whether Epic breached the Employment Agreement. The remainder of the paragraph consists of legal conclusions to

which no response is necessary. To the extent such a response is deemed necessary, Mr. Johnson denies the remaining allegations in paragraph 8.

10. Mr. Johnson denies the allegations in paragraph 9.

11. As to paragraph 10, other than quotations from Defendant's filings, the remainder of the paragraph consists of legal conclusions to which no response is necessary. To the extent such a response is deemed necessary, Mr. Johnson denies the remaining allegations in paragraph 10.

12. Paragraph 11 consists of legal conclusions to which no response is necessary. To the extent such a response is deemed necessary, Mr. Johnson denies the allegations in paragraph 11.

13. As to paragraph 12, other than mentioning various documents which speak for themselves and to which defendant craves reference, the remainder of the paragraph consists of legal conclusions to which no response is necessary. To the extent such a response is deemed necessary, Mr. Johnson denies the remaining allegations in paragraph 12.

14. As to paragraph 13, Mr. Johnson admits that his Demand, Prayer for Relief ¶ 3 requests that certain intellectual property assignments be declared null and void and that Demand, Prayer for Relief ¶ 4 requests lost profits. The remainder of the paragraph consists of legal conclusions to which no response is necessary. To the extent such a response is deemed necessary, Mr. Johnson denies the remaining allegations in paragraph 13.

15. As to paragraphs 14, 15, and 16, said paragraphs consist solely of legal argument and conclusion, to which no response is required. To the extent such a response is deemed necessary, Mr. Johnson denies the allegations in paragraphs 14, 15, and 16.

WHEREFORE, Mr. Johnson requests that the Court refuse Epic's request for an injunction and grant Mr. Johnson such further relief as the Court deems appropriate.

## FIRST COUNTERCLAIM

(Enforcement of Arbitration Contract)
(9 U.S.C. § 4)

16. Mr. Johnson repeats and incorporates by reference his responses stated above.

17. Pursuant to the Federal Arbitration Act, "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

18. Mr. Johnson and Epic entered an "Employment Agreement" in 2006 in which Mr. Johnson and Epic agreed to arbitrate "[a]ny disputes between [Mr. Johnson] and Epic in any way concerning [Mr. Johnson's] employment."

19. On March 7, 2014, Mr. Johnson filed a Demand for Arbitration with the American Arbitration Association alleging breaches of contract, breach of good faith and fair dealing, and breach of fiduciary duty, all of which arise from Epic terminating his employment in 2006. This arbitration demand, with exhibits, is attached as Exhibit A.

20. Epic refuses to arbitrate the disputes identified in Mr. Johnson's Demand and has filed this action seeking to enjoin arbitration.

21. Epic's refusal to arbitrate aggrieves Mr. Johnson in that it denies Mr. Johnson the contractual benefit of arbitration for which he bargained when the Employment Agreement was formed.

WHEREFORE, Mr. Johnson requests that the Court issue an order compelling Epic to arbitrate all disputes identified in Mr. Johnson's Demand and grant Mr. Johnson such further relief as the Court deems appropriate.

Respectfully submitted,

s/Chad A. McGowan

Chad A. McGowan (SC Bar No. 28211)
William A. McKinnon
Jordan Calloway
McGowan, Hood & Felder, LLC
1539 Health Care Drive
Rock Hill, SC 29732
(803) 327-7800
(803) 328-5656 (fax)
cmcgowan@mcgowanhood.com
bmckinnon@mcgowanhood.com

Alan Engle
Meador & Engle
155 North Riverview Drive, Ste. 313
Anaheim Hills, CA 92808
(310) 428-6985
alan.engle@meenlegal.com

Attorneys for Timothy Frederick Murphy-Johnson

April 25, 2014
Rock Hill, SC